IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CALVIN SMITH, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-119 |
| v. | |
| GLYNN COUNTY DETENTION CENTER; and ANTONIO JONES, in their individual and official capacities, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Glynn County Detention Center and Plaintiff's official capacity monetary damages claim against Defendant Jones.  However, I **FIND** that Plaintiff's Fourteenth Amendment excessive force claim against Defendant Jones may proceed.[1]

---

[1]  Plaintiff brings his excessive force claim under the Eighth Amendment.  Doc. 1 at 6.  However, Plaintiff is a pre-trial detainee; therefore, Plaintiff's excessive force claim is evaluated under the Fourteenth Amendment.  Nonetheless, Plaintiff's claim survives.  The Eleventh Circuit Court of Appeals has "historically treated convicted prisoners' Eighth Amendment claims and pretrial detainees' Fourteenth Amendment claims identically."  White v. Cochran, No. 16-17490, 2017 WL 6492004, at * 2 (11th Cir. Nov. 27, 2017).  However, in Kingsley v. Hendrickson, the United States Supreme Court found the "language of the [Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause] differs, and the nature of the claims often differs."  576 U.S. 389, 400 (2015) (adopting a different test to evaluate pre-trial detainee's excessive force claims than the test used to evaluate convicted prisoners' excessive force claims).  The Eleventh Circuit determined that "Kingsley is not squarely on point with and does not actually abrogate or directly conflict with precedent outside of the context of an excessive[ ]force claim." White, 2017 WL 6492004, at *2 n.1 (citing Dang ex rel. Dang v. Sheriff, Seminole Cnty., 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (internal citation and punctuation omitted)).

## PLAINTIFF'S CLAIMS[2]

Plaintiff is currently incarcerated at Appling County Detention Center. Doc. 1. Plaintiff brings this action, asserting claims under § 1983 for events occurring while he was incarcerated at Glynn County Detention Center. Id. Plaintiff alleges on January 3, 2020, Defendant Jones attacked Plaintiff because Plaintiff had his pant legs cuffed to avoid tripping on them while he walked. Id. at 6. Plaintiff explains he did not attack or otherwise provoke Defendant Jones prior to the attack and the use of force was without justification. Id. As a result of the assault by Defendant Jones, Plaintiff suffered injuries to his face, head, and back, necessitating a trip to the hospital where he received five stiches for a laceration on his face. Id. at 5.

Plaintiff avers the assault constitutes a violation of his constitutional right to be free from cruel and unusual punishment. Id. at 6. Plaintiff sues Defendant Jones, as well as Defendant Glynn County Detention Center, the detention center where the incident occurred, in their official and individual capacities. Id. at 2.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by

---

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**II.     Claim Against Glynn County Detention Center**

Plaintiff names Glynn County Detention Center as a Defendant.  Doc. 1.  In order to state a claim for relief under § 1983, a plaintiff must allege that "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit.  Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler,

196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same); Williams v. Chatham Cnty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.") (citations omitted).

Because Glynn County Detention Center is a county jail, it is not a "person" subject to suit under § 1983. Hale, 50 F.3d at 1582. For this reason, I **RECOMMEND** the Court **DISMISS** all claims against Glynn County Detention Center.

## II.    Official Capacity Claims

After recommending dismissal of Defendant Glynn County Detention Center, the only remaining Defendant is Defendant Jones. Plaintiff is suing Defendant Jones in both his individual and official capacities. Doc. 1. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendant in his official capacity. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendant Jones in his official capacity. The Eleventh Amendment immunizes Defendant from suit for monetary damages in his official capacity. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendant in his official capacity for monetary relief.

Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendant Jones in his official capacity under § 1983.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Glynn County Detention Center and Plaintiff's official capacity monetary damages claim against Defendant Jones.  However, I **FIND** that Plaintiff's Fourteenth Amendment excessive force claim against Defendant Jones may proceed.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 22nd day of January, 2021.

<br/>

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA