# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CALVIN SMITH, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:20-cv-119 |
| | * | |
| v. | * | |
| | * | |
| GLYNN COUNTY DETENTION CENTER; | * | |
| and ANTONIO JONES, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Before the Court is Plaintiff's Motion to Amend Case Caption. Dkt. No. 11. Plaintiff appears to move to add the State of Georgia as a party to this case in response to the Magistrate Judge's Report and Recommendation dated January 11, 2020. Id. Because Plaintiff's Motion is in response to the Magistrate Judge's Report, the Court will construe Plaintiff's Motion as his Objections to the Report.[1]

In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's Fourteenth Amendment claims against

---

[1] Federal courts may liberally construe pro se filings "in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381-82 (2003)).

AO 72A
(Rev. 8/82)

Defendant Glynn County Detention Center because Glynn County Detention Center is a county jail and is not a "person" subject to suit under § 1983. Dkt. No. 9, p. 3. Additionally, the Magistrate Judge recommended the Court dismiss Plaintiff's official capacity monetary damages claim against Defendant Jones. Id. at p. 1.

Plaintiff now seeks to replace Defendant Glynn County Detention Center with the State of Georgia as a named Defendant. Dkt. No. 11. However, states are immune from private suits based on the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712-13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Accordingly, Plaintiff's objection seeking to replace Defendant Glynn County Detention Center with the State of Georgia as a Defendant is **OVERRULED**.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's Fourteenth Amendment claim against Defendant Glynn County Detention Center and Plaintiff's claims for monetary damages against Defendant Jones in his official

2

capacity. Plaintiff's Fourteenth Amendment excessive force claim against Defendant Jones in his individual capacity remains pending. Dkt. No. 10.

SO ORDERED, this \_\_16\_\_ day of \_\_February\_\_, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA