IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CALVIN SMITH, <br><br> Plaintiff, <br><br> v. <br><br> ANTONIO JONES, <br><br> Defendant. | CIVIL ACTION NO.: 2:20-cv-119 |

### ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Jones' Motion to Dismiss. Doc. 17. Plaintiff filed a Response, Defendant filed a Reply and Notice of Supplemental Authority, and Plaintiff filed a Surreply. Docs. 24, 27, 29, 30. For the reasons which follow, I **VACATE** the Orders granting Plaintiff's Motion to Proceed *in Forma Pauperis* and ordering the collection and remittance of funds, docs. 3, 8, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 2.[1] For these same reasons, I **RECOMMEND** the Court **GRANT** Defendant Jones' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1] Defendant Jones also filed a Motion for Summary Judgment while his Motion to Dismiss was pending. Doc. 36. Because I have recommended the Court dismiss Plaintiff's Complaint, I also **RECOMMEND** the Court **DENY as moot** Defendant Jones' Motion for Summary Judgment. Accordingly, I also **DENY as moot** Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment. Doc. 38.

**BACKGROUND**

Plaintiff brought this suit, asserting claims under 42 U.S.C. § 1983 based on allegations Defendant Jones attacked him.  Id.  Plaintiff alleges on January 3, 2020, while incarcerated at Glynn County Detention Center as a pre-trial detainee, he was attacked by Defendant Jones, in violation of his constitutional rights.  Id.  As a result of the attack, Plaintiff states he suffered injuries to his face, head, and back and received five stitches for a cut on his face.  Id. at 5.

After conducting frivolity review, the Court dismissed Plaintiff's claims against Defendant Glynn County Detention Center and Plaintiff's official capacity claim for monetary damages against Defendant Jones.  Doc. 12.  However, Plaintiff was permitted to proceed with a Fourteenth Amendment excessive force claim against Defendant Jones in his individual capacity.  Id.

Defendant Jones now moves to dismiss Plaintiff's claim.  Doc. 17.  Defendant argues Plaintiff's claim should be dismissed because he is a three-striker prohibited from proceeding *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"), Plaintiff failed to disclose his litigation history, constituting abuse of the judicial process, and Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Id.  Plaintiff filed a Response and Surreply to Defendant's Motion; however, Plaintiff only addresses Defendant's argument related to his failure to exhaust administrative remedies and does not mention the three-strike issue or failure to disclose litigation history.  See Docs. 24, 30.

**DISCUSSION**

**I.    Dismissal for Abuse of Judicial Process**

The Complaint form directly asks Plaintiff whether he has "filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment."  Doc. 1 at 11–12.

Plaintiff left this section blank.  Id.  However, Plaintiff's litigation history reveals he has filed several other causes of action prior to executing his Complaint on November 11, 2020.

A review of Plaintiff's history of filings reveals he has brought at least three cases relating to his conditions of confinement prior to filing this case, including:

(1)  Smith v. Wilkes, et al., 2:17-cv-137 (S.D. Ga. Nov. 15, 2017) (complaining of being falsely imprisoned by Georgia Department of Corrections and bringing claims against Defendants related to his legal mail while incarcerated);

(2)  Smith v. Brunswick Judicial Circuit, et al., 2:20-cv-54 (S.D. Ga. May 26, 2020) (complaining of being falsely imprisoned at Appling County Detention Center); and

(3)  Smith v. Georgia Department of Corrections, et al., 5:20-cv-66 (S.D. Ga. May 26, 2020) (complaining of being falsely imprisoned by the Georgia Department of Corrections and Warden Thomas Gramiak at Ware State Prison).

Plaintiff disclosed none of this prior litigation history.  Doc. 1 at 11–12.  Plaintiff also fails to explain his lack of candor and failure to include this information in his Response or Surreply to Defendant's Motion to Dismiss after the issue was raised.  Docs. 24, 30.

Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915.  Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions."  Id. at 225–26 (citing Fed. R. Civ. P. 11(c)).  Again, although pro se pleadings are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules."  Id. at 226.

3

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the § 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (pro se prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

Here, Plaintiff filed a Response and Surreply to Defendant's Motion to Dismiss and, thus, had ample opportunity to explain his prior litigation history but still failed to do so. Docs. 24, 30. Further, even if he had later provided an explanation for his lack of candor, the undersigned is free to reject the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit has explained the importance of this information as follows:

> The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation . . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

Plaintiff misrepresented his litigation history in his Complaint. The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully. Doc. 1 at 11–12. Consequently, the Court should **DISMISS** this action, **without prejudice**, for Plaintiff's failure to truthfully disclose his litigation history, as required. Because I have recommended dismissal based on Plaintiff's failure to disclose his litigation history, I decline to address Defendant's other arguments for dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United

5

States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action and Defendant's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **VACATE** the Orders granting Plaintiff's Motion to Proceed *in Forma Pauperis* and ordering the collection and remittance of funds, docs. 3, 6, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 2. For these same reasons, I **RECOMMEND** the Court **GRANT** Defendant Jones' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA